IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BASF AGRO B.V., ARNHEM (NL), ZÜRICH BRANCH, <br><br> Plaintiff, <br><br> v. <br><br> MAKHTESHIM AGAN OF NORTH AMERICA, INC., CONTROL SOLUTIONS, INC., and DO IT YOURSELF PEST CONTROL, INC. <br><br> Defendants. | Civil Action No: <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff BASF Agro B.V., Arnhem (NL), Zürich Branch ("BASF"), for its complaint against defendants Makhteshim Agan of North America, Inc., Control Solutions, Inc., and Do It Yourself Pest Control (collectively, "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including at least Sections 271, 281, 283, 284, and 285.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.

-1-

§§ 1331 and 1338(a).

3. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

4. Plaintiff BASF is a limited liability company organized under the laws of The Netherlands, acting through its Swiss branch office, which is organized under the laws of Switzerland and registered at the Handelsregisteramt Zürich, Zürich, Switzerland, with its place of business at Im Tiergarten 7, 8055 Zürich, Switzerland. The registered office of BASF Agro B.V., Arnhem (NL) is located at Groningsingel 1, Arnhem Gelderland, 6835 EA, The Netherlands.

5. BASF markets and sells products relevant to this case in the United States through its distributor BASF Corporation ("BASF Corp."), which is a Delaware corporation with its headquarters in Florham Park, New Jersey. BASF Corp. operates much of the business relevant to this action out of its Agrochemical Products Division's United States headquarters located in Research Triangle Park, North Carolina ("RTP").

6. Defendant Makhteshim Agan of North America, Inc. ("MANA") is a corporation organized under the laws of Delaware, with its principal place of business in Raleigh, North Carolina. MANA owns 67.1% of the shares in Defendant Control Solutions, Inc. ("CSI") and is the registrant at the United States

Environmental Protection Agency (EPA) for numerous agricultural products marketed, distributed, and sold by CSI. MANA also supplies and distributes insecticides, fungicides, and herbicides, including active ingredients and end-use products to marketers and distributors throughout the United States, including in Georgia and in this judicial district.

7. MANA regularly does or solicits business in Georgia, has continuous and systematic contacts with Georgia, including by regularly transacting business within this district in a substantial, meaningful, and continuous way and by filing a complaint for declaratory relief in this judicial district. Through its various entities, MANA has engaged in activities related to the subject matter of this action and thus is subject to personal jurisdiction in this judicial district.

8. MANA regularly distributes active ingredients and technical material imported into the United States to various entities which formulate these technical materials into end-use products for distribution throughout the United States, including in Georgia and in this judicial district.

9. Defendant CSI is a corporation organized under the laws of Texas, with its principal place of business at 5903 Genoa-Red Bluff, Pasadena, Texas. CSI markets, distributes, and supplies many agrochemical compounds and formulations, in direct competition with Plaintiffs.

10. CSI regularly does or solicits business in Georgia, has continuous and systematic contacts with Georgia, including by regularly transacting business within this district in a substantial, meaningful, and continuous way. Through its various entities, CSI has engaged in activities related to the subject matter of this action and thus is subject to personal jurisdiction in this judicial district.

11. CSI regularly takes possession of the active ingredients and technical material imported into the United States. CSI stores these materials in various warehouses across the United States and supplies the materials to a network of distributors and dealers, including in Georgia and in this judicial district. CSI also formulates these technical materials into end-use products for distribution throughout the United States, including in Georgia and in this judicial district.

12. Defendant Do It Yourself Pest Control, Inc. ("Do It Yourself") is a corporation organized under the laws of Georgia, with its principal place of business at 305 Shawnee North Dr., Suite 100, Suwanee, Georgia. Do It Yourself markets and sells pesticides, including termiticides, that are directly related to the subject matter of this litigation. Do It Yourself is a distributor of products sold by CSI and MANA, including the infringing products at issue in this case.

13. MANA, CSI and DIY have sold product that infringes the BASF patent at issue in this judicial district.

-4-

## BACKGROUND

14. BASF and its affiliates are in the business of researching, developing, testing and/or selling multiple types of products and technologies in the agrochemical field and/or animal health fields. One such agrochemical product manufactured and sold by BASF is a chemical compound commonly known as "Fipronil." Fipronil is useful as a pesticide to control many different types of insects and pests, including termites.

15. BASF has Fipronil technical material manufactured for it in France by a BASF affiliate. This Fipronil technical material serves as the active ingredient in formulated chemical products ("Fipronil-based products"). BASF sends Fipronil technical material made in France to the United States and Brazil where it is formulated into Fipronil-based products for commercial sale in the United States.

16. BASF Corp. operates in the United States as a distributor for BASF's agrochemical products, including Fipronil technical material and Fipronil-based products. BASF Corp. operates much of its Fipronil business out of its agrochemical products headquarters in RTP. BASF Corp. sells Fipronil technical material and Fipronil-based products in the United States to its customers, who are primarily distributors.

17.     One such Fipronil-based product sold by BASF in the U.S. is Termidor® SC. Termidor® is the most effective and the leading termiticide sold in the U.S. Defendants currently market a Fipronil-based product under the trade name Taurus™ SC ("Taurus"). Taurus competes directly with BASF's Termidor® SC product in the U.S. marketplace.

## U.S. PATENT NO. 5,618,945

18.     United States Patent No. 5,618,945 ("the '945 patent") (attached hereto as **Exhibit A**) is entitled "Process For the Sulfinylation of Heterocyclic Compounds," and was duly and legally issued on April 8, 1997. The '945 patent teaches and claims novel processes for sulfinylation of heterocyclic compounds such as phenylpyrazoles. A "heterocyclic compound" is an organic compound with a ring structure, containing at least one atom of carbon and at least one atom other than carbon, e.g., sulfur, oxygen or nitrogen. "Sulfinylation" is the process of adding a "sulfinyl" functional group of atoms (e.g., a sulfur atom with a double bond to oxygen and single bonds to two different carbon atoms) to another compound, in this case a heterocyclic compound, by means of a chemical reaction. The processes taught and claimed in the '945 patent can be used in the production of Fipronil.

-6-

19. BASF is the assignee and current owner of the '945 patent. BASF is thus the owner of all right, title and interest in and to the '945 patent, including all rights to recover for any and all past and present infringement thereof, for non-animal health uses.

20. MANA and CSI became aware of the '945 patent at least as early as April 8, 2010.

## INFRINGEMENT OF THE '945 PATENT

21. As set forth in the '945 patent, sulfinylation is one method to achieve high selectivity and yield in the large scale manufacture of Fipronil. The sulfinylation route of manufacture leads to the presence of, inter alia, a trifluoromethanesulfinic acid ("TFSH") impurity.

22. TFSH is a very rare impurity and thus the presence of TFSH as an impurity in a Fipronil product strongly indicates that the sulfinylation route was used to manufacture the Fipronil, according to a process that is covered by BASF's '945 patent.

23. Chemical analysis of the Taurus product manufactured, imported and/or sold by Defendants in the U.S., to test for the presence of TFSH as an impurity, has revealed that TFSH is present in at least some of the Taurus product

and that a sulfinylation route that infringes the '945 patent was used to make the Fipronil in the tested products.

24. By importing, selling and/or offering to sell in the U.S. Fipronil made by utilizing the sulfinylation route, Defendants have infringed, are infringing, and will continue to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '945 patent, directly, by contributory infringement, and/or by actively inducing infringement.

25. At least MANA's and CSI's infringement of the '945 patent, direct and/or indirect, was, is, and will continue to be willful. As a consequence of Defendants' infringement of the '945 patent, direct and/or indirect, BASF suffered, is suffering, and will continue to suffer irreparable harm for which there is no adequate remedy at law. These injuries will continue unless and until Defendants' infringing activities are permanently enjoined by this Court.

26. As a consequence of Defendants' infringement of the '945 patent, direct and/or indirect, BASF suffered, is suffering, and will continue to suffer damages in an amount not yet determined.

## JURY DEMAND

27. BASF, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

# PRAYER FOR RELIEF

WHEREFORE, BASF prays for judgment:

    A.    In favor of BASF, finding that Defendants' importation, sale, use, and/or offer for sale of a Fipronil-based product or Fipronil technical material made by the sulfinylation route infringes one or more claims of the '945 patent, directly, by contributory infringement, and/or by actively inducing infringement;

    B.    Permanently enjoining Defendants and their officers, agents, servants, employees, parents, subsidiaries, affiliates, successors, assignees, licensees, and attorneys, and all persons acting in concert or participation with them, from infringing the '945 patent, directly, by contributory infringement, and/or by actively inducing infringement;

    C.    Awarding BASF damages in an amount adequate to compensate them for harm caused by Defendants' engagement in activities that constitute infringement, and any infringement after the filing of this action, of the '945 patent;

    D.    Awarding BASF pre-judgment and post-judgment interest on the damages caused to them by reason of Defendants' past and ongoing infringement of the '945 patent;

E.  That MANA's and CSI's infringement of the '945 patent has been and is willful, and trebling damages awarded for that infringement;

F.  That this is an "exceptional case" pursuant to 35 U.S.C. § 285 and ordering MANA and CSI to pay BASF's attorneys' fees and costs; and

G.  Awarding such other and further relief as this Court may deem just and proper.

Dated: March 19, 2013

William M. Ragland, Jr.
Georgia State Bar No: 591888
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017
wragland@wcsr.com
T: (404) 888-7466
F: (404) 870-2401

*Attorney for Plaintiff*
*BASF Agro B.V., Arnhem (NL), Zürich Branch*

Of Counsel:

Kenneth A. Gallo
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON, LLP
2001 K Street NW
Washington, D.C. 20006-1047
kgallo@paulweiss.com
T: (202) 223-7300
F: (202) 223-7420

Kripa Raman
Erin Wiggins
PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
kraman@paulweiss.com
ewiggins@paulweiss.com
T: (212) 373-3000
F: (212) 757-3990