IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
BASF AGRO B.V., ARNHEM (NL),    )
ZURICH BRANCH,                  )
                                )
          Plaintiff,            )
                                )
    v.                          )       1:13CV422
                                )
MAKHTESHIM AGAN OF NORTH        )
AMERICA, INC. (MANA),           )
CONTROL SOLUTIONS, INC.,        )
and DO IT YOURSELF PEST         )
CONTROL, INC.                   )
                                )
          Defendants.           )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a Motion to Dismiss filed by Defendants Makhteshim Agan of North America, Inc. (MANA), Control Solutions, Inc. ("CSI"), and Do It Yourself Pest Control, Inc. ("DIY") (collectively "Defendants"). (Doc. 25.) Plaintiff BASF has filed a response (Doc. 29) to Defendants' motion, and Defendants have replied (Doc. 31). This matter is now ripe for resolution, and for the reasons stated herein, Defendants' Motion to Dismiss (Doc. 25) will be deferred to summary judgment or trial pursuant to Federal Rule of Civil Procedure 12(i).

The allegations within BASF's Complaint in this case run parallel to the allegations made in BASF's Motion for Contempt for Importing and Selling Product Made by a Non-Conforming Method ("BASF's Second Motion for Contempt"). (1:14MC8 (Doc. 321).) (See BASF's Resp. (Doc. 29) at 7 ("It is this imported fipronil product — which Defendants MANA and CSI now concede was not made by the Currently Intended Process and which DIY is selling — that is the subject of BASF's Complaint.").)[1]

This court has entered a Memorandum Opinion and Order in the parallel contempt proceedings, finding that Defendants MANA and CSI are liable under BASF's Second Motion for Contempt due to their admitted import and sale of Taurus™ SC using fipronil manufactured through a process other than the "Currently Intended Process." The parties have been instructed to confer and submit a joint plan for discovery on damages based on the violation of the Consent Judgment. In order to ensure an orderly and efficient resolution of the contempt proceeding and this patent infringement proceeding, this court finds it necessary for the parties to conduct discovery that addresses both the admitted violations of the Consent Judgment and any alleged patent infringement.

---

[1] Citations to the record refer to the 1:13CV422 docket, unless otherwise noted. All citations to page numbers refer to the page number in the bottom right-hand corner stamped during the electronic filing process and as they appear on CM/ECF.

In deferring any ruling on Defendants' Motion to Dismiss, this court has determined that there are no issues on the face of BASF's Complaint that would require immediate dismissal. Defendants' Motion to Dismiss in this case is based in large part on the preclusive effect of the Consent Judgment entered between BASF, MANA, and CSI in case number 1:10CV276. This court does not find as a matter of law that the Consent Judgment requires dismissal of this patent infringement suit at this stage of these proceedings. Defendants are correct that the Consent Judgment provides that "Defendants and their affiliated companies shall not infringe U.S. Patent No. 5,618,945 . . . ." (Consent J. 1:10CV276 (Doc. 46) ¶ 10.) Thus, any infringement of the patent found in this case would also constitute a violation of the Consent Judgment entered in the previous case.

However, this court does not find that this provision of the Consent Judgment makes it such that a motion for contempt is the only mechanism for prosecuting infringement of the patent by Defendants. On the face of the Consent Judgment entered into by the parties, BASF only covenanted that (1) it would not claim that Defendants' Currently Intended Process violates its patent and (2) it would not seek discovery in the earlier patent action "relating to any processes for making Fipronil other than the Currently Intended Process." (Id. ¶¶ 5-6.) BASF has not sought

-3-

to do either of these things in this case. Therefore, this court finds it is not required at this point to dismiss BASF's patent infringement suit as being precluded by the Consent Judgment entered into by the parties.

Defendants also argue that granting damages based on BASF's contempt motion along with damages based on patent infringement would be duplicative and provide an impermissible double recovery. However, this issue is one better resolved at a later stage of these proceedings. This court notes that, based on the allegations in BASF's Second Motion for Contempt, the remedies that may ultimately be ordered in the contempt proceeding could resemble patent infringement remedies. The similarities between what will be awarded in the contempt proceeding and what could be awarded in this patent infringement suit make it appropriate for the parties to conduct discovery on the appropriate remedies for the violation of the Consent Judgment simultaneously with their discovery on patent infringement issues. The parties will be allowed to present evidence at the appropriate time to assist this court in determining what remedies, if any, should be awarded based on BASF's Second Motion for Contempt and what remedies, if any, would be appropriate in this case due to patent infringement. Thus, Defendants' argument concerning a potential double recovery for BASF does not provide a basis upon

which this court must dismiss BASF's patent infringement case at this point in the proceedings.

This court therefore finds that before it determines an appropriate remedy in this patent infringement proceeding and the parallel contempt proceeding, this case should be allowed to proceed through discovery so that this court may determine what remedy is appropriate based on Defendants' admitted violations of the Consent Judgment between the parties and what remedy may be appropriate based on the allegations of patent infringement. Moreover, discovery in both cases will allow this court to structure an appropriate remedy that does not provide an improper double recovery. At the end of the discovery period, the parties will be required to address all relevant issues of law. Those issues are to include, but will not necessarily be limited to, the question of whether BASF is allowed to receive remedies for patent infringement in addition to those received through the contempt proceeding.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 25) is **DEFERRED** to summary judgment or trial pursuant to Federal Rule of Civil Procedure 12(i). Defendants should submit their answer or otherwise respond within 14 days of the entry of this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the parties are to submit a joint proposed schedule for discovery for this action in conjunction with their schedule for discovery on remedies for Defendants' violation of the Consent Judgment as found in the contempt proceeding (1:14MC8). This discovery schedule should be filed with the court no later than August 21, 2015.

**IT IS FURTHER ORDERED** that the parties shall appear before this court for a discovery conference on September 17, 2015 at 9:30 a.m. in Courtroom 1.

This the 27th day of July, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge